UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANK C. CARSON,

        Plaintiff,

   v.

COUNTY OF STANISLAUS, et al.,

        Defendants.

1:10-cv-02133-OWW-SMS

MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 10)

## I. INTRODUCTION.

Plaintiff brings this civil rights action pursuant to 28 U.S.C. § 1983 against Steve Jacobsen ("Jacobsen") and the County of Stanislaus ("County") (collectively "Defendants"). (Doc. 1).

Defendants filed a motion to dismiss Plaintiff's complaint on December 10, 2010. (Doc. 10). Plaintiff filed opposition on February 14, 2011. (Doc. 11). Defendants filed a reply on February 28, 2011. (Doc. 12).

## II. FACTUAL BACKGROUND.

On February 26, 2010, Plaintiff, an attorney was present in a hallway at the Stanislaus County courthouse. Plaintiff saw Jacobsen, an investigator for the Stanislaus County District Attorney's Office, and attempted to take his photograph in connection with a case Plaintiff was working on. Jacobsen lunged

1

at Plaintiff and smacked Plaintiff's hand, causing Plaintiff's camera to skitter down the hallway.

### III. **DISCUSSION**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred"

**2**

for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. <u>DISCUSSION</u>.

**A. Plaintiff's Federal Claims**

Plaintiff's complaint asserts claims for violations of Plaintiff's civil rights pursuant to 28 U.S.C. § 1983. Specifically, Plaintiff contends that by slapping Plaintiff's camera out of his hand, Jacobsen violated Plaintiff's First Amendment rights to free speech and to petition the government; his Fifth and Fourteenth Amendment rights to not be denied liberty and property without due process of law, including his right to carry on a lawful business and common trade; and his Fourth Amendment right to be free from unreasonable seizure. (Comp. At 2-3). To

**3**

state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. *E.g., Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### 1. Due Process Claims

"The liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment," *Conn v. Gabbert*, 526 U.S. 286, 291 (1999), but the Supreme Court has not specified the boundaries of this right, *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007).[1] Supreme Court cases recognizing the right to pursue a profession generally concern "complete prohibition of the right to engage in a calling, and not [a] sort of brief interruption." *Engquist,* 478 F.3d at 997 (citing *Conn*, 526 U.S. at 292.

The complaint does not state a due process claim for deprivation of occupational liberty. Pursuant to the law of the Ninth Circuit, due process claims alleging violation of the right to pursue a profession are limited to extreme cases, such as "government blacklist[s], which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation." *Id*. The complaint's

---

[1] Defendants correctly point out that the due process protections of the Fourteenth Amendment, not the Fifth Amendment, apply to state action.  E.g., Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

**4**

allegations do not implicate the type of extreme interference with Plaintiff's ability to pursue his profession that violates due process. At most, Plaintiff suffered a temporary interference with the performance of his job duties arising out of an isolated incident that lasted no more than a few moments. Plaintiff's due process claim is DISMISSED, with prejudice.

### 2. First Amendment Claims

The nature of Plaintiff's First Amendment claims is unclear. To the extent Plaintiff's claim is that his use of a camera was itself protected speech, the complaint is insufficient because it does not allege facts that give rise to an inference that Plaintiff had the intent to convey a particular message, or that his actions would be understood by the viewer to be communicative. *See, e.g., Spence v. Wash.*, 418 U.S. 405, 411 (1974) (establishing two part inquiry for determining whether an expressive act constitutes speech); accord *Comm. for Reasonable Regulation of Lake Tahoe v. Tahoe Regional Planning Agency*, 311 F. Supp. 2d 972, 1004 (D. Nevada 2004) (discussing requirements of *Spence*). There are no facts alleged in the complaint that suggest Plaintiff's use or possession of a camera at the time of the incident were in connection with expressive conduct protected by the First Amendment. *See Gilles v. Davis*, 427 F.3d 197, 212 n.14 (3rd Cir. 2005) (noting that photography or videography that has "a communicative or expressive purpose enjoys some First Amendment protection"); *see also Hung Ha v. Sweet B.,* 2009 U.S. Dist. LEXIS 60760 *7 n.3 (D. Hawaii 2009) (noting that complaint did not allege First Amendment claim based on police officers restriction on use of camera because complaint did not allege expressive conduct);

**5**

*accord Adkins v. Guam Police Dep't*, 2010 U.S. Dist. LEXIS 87353 *33-35 (D. Guam 2010) (granting qualified immunity because no clearly established federal law holds that restricting ability to photograph violates First Amendment).

It appears that the gravamen of Plaintiff's First Amendment claim is that Jacobsen's conduct interfered with Plaintiff's ability to petition the government for redress of grievances. A plaintiff may prove a violation of the right to petition the government by showing either that a government actor directly interfered with the right to present a grievance, or that a government actor imposed restrictions on the ability to present a grievance that had a "chilling effect" on the citizen's exercise of that right. *See, e.g., O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). Whether governmental conduct is sufficient to have a "chilling effect" depends on whether the conduct would deter a person of ordinary firmness engaging in the protected activity. *See, e.g., Laird,* 408 U.S. at 13-14 ("Allegations of a subjective 'chill' are not [] adequate"); *see also Mendocino Envtl. Ctr. v. Mendocino Cnty*, 192 F.3d 1283, 1300 (9th Cir. 2000) ("we conclude that the proper inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities'"). An isolated outburst by a district attorney's investigator such as Jacobsen would not deter any person of ordinary firmness from exercising their right to petition the government.

Plaintiffs' First Amendment claims are DISMISSED, with prejudice.

**6**

### 3. Fourth Amendment Claims

#### a. Pleading Deficiencies

Plaintiffs' Fourth Amendment claim fails because the complaint does not allege any seizure or force effected under color of State law.[2] The Supreme Court has interpreted the phrase "under 'color' of law" to mean "under 'pretense' of law." *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (citing *Screws v. United States*, 325 U.S. 91, 111 (1945)). "[A]ctions are under pretense of law only if they are "in some way 'related to the performance of his official duties.'" *Id*. (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996)). In general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of her office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office. *Martinez v. Colon*, 54 F.3d 980, 986-87 (1st Cir. 1995). "[P]rivate conduct, outside the line of duty and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law." *Id*. Whether an official is acting under color of state law turns on the nature and circumstances of the official's conduct and the relationship of that conduct to the performance of her official duties. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (citing *Martinez*, 54 F.3d at 986)).

---

[2] Defendants do not contend that the complaint is deficient for failing to properly allege state action. However, Defendants assert a qualified immunity defense, which necessarily requires the court to determine whether Jacobsen's actions were taken within the scope of his duties as a government official. *See, e.g., Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (qualified immunity shields government officials from certain actions taken in the course of their duties). Accordingly, Defendant's motion requires determination of this threshold issue, notwithstanding Defendant's failure to identify it.

**7**

1    The complaint does not allege facts sufficient to establish
2 that Jacobsen's conduct was related to performance of his official
3 duties in any way.  The fact that Jacobsen was employed by the
4 District Attorney's office at the time of his alleged conduct is
5 insufficient to transform an ordinary tort into a constitutional
6 violation.  *See Van Ort*, 92 F.3d at 838 ("The district court was
7 not required to find that Stanewich acted under color of state law
8 merely because he was a law enforcement officer").  Nor is the fact
9 that the alleged incident occurred in a courthouse sufficient to
10 support an inference that Jacobsen's conduct was in connection with
11 his official duties. *Id*. ("Stanewich could have been acting under
12 color of state law if the Van Orts had been injured during a
13 meeting 'related to the provision of services pursuant to
14 [Stanewich's County] employment,' **and** if Stanewich had used his
15 'government position to exert influence and physical control'")
16 (emphasis added).

17    Nothing in the complaint suggests that Jacobsen, engaged in
18 any activity related to his employment, used his status and
19 privileges as a law enforcement officer to exert power over
20 Plaintiff.  *Compare Huffman*, 147 F.3d at 1058 (no state action
21 where plain-clothed, off-duty police officer who did not identify
22 himself as officer and did not issue any commands assaulted
23 plaintiff) *with Basden v. Brinkley*, 273 Fed. Appx. 623, 625 (9th
24 Cir. 2008) (unpublished) (prison guards acted under color of law
25 when they threw firecracker into inmates' cell because of the
26 nature of guards' authority within the prison walls).  Plaintiff's
27 complaint fails to state a claim under the Fourth Amendment.
28 ///

**8**

Because the complaint fails to allege the fundamental element of state action needed to support a claim under section 1983, detailed analysis of the other deficiencies that require dismissal of Plaintiff's Fourth Amendment claim is unnecessary. However, the complaint does not properly allege a seizure for purposes of a Fourth Amendment claim. *See, e.g., United States v. Chan-Jimenez*, 125 F.3d 1324, 1236 (9th Cir. 1997) (seizure occurs if "taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'"). A slapping motion that caused Plaintiff to lose his grip on his camera does not effect a restraint of Plaintiff's movement to amount to a seizure. Plaintiff's Fourth Amendment claim is DISMISSED, without prejudice.

### b. Qualified Immunity

Defendants contend that Plaintiff's complaint should be dismissed without leave to amend because Jacobsen is entitled to qualified immunity. However, qualified immunity only applies to actions taken in the course of official duties. *See*, *e.g., Foster*, 554 F.3d at 812. It is unnecessary to determine whether qualified immunity applies until Plaintiff adequately pleads state action.

**B. State Law Claims**

Defendant contends that Plaintiff's state law claims for assault and battery should be dismissed because the same standard applicable to Fourth Amendment claims for excessive force applies under California law. Defendant cites *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (Cal. Ct. App. 1998) and *Susag v. City of Lakeforest*, 94 Cal. App. 4th 1401, 1415-16 (Cal. Ct. App. 2002)

9

for the proposition that "in a civil assault and battery action against a peace officer, the plaintiff has the burden to prove unreasonable force as part of the cause of action." (Motion to Dismiss at 10). Defendants' authority is inapposite, as both cases concern instances where "peace officers" were attempting to effect lawful arrests. *See Edison*, 63 Cal. App. 4th at 1271; *Susag,* 94 Cal. App. 4th at 1406*; see also* Cal. Pen. Code § 830.2 (defining peace officers). Here, Defendant's actions may amount to an unlawful and offensive touching and may have raised apprehension of the same, but there is no allegation that the conduct has any federal significance. This means the case should be remanded to the state court if no federal claim can be stated.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's First Amendment claims are DISMISSED, WITH PREJUDICE;

2) Plaintiff's due process claim is DISMISSED, WITH PREJUDICE;

3) Plaintiff's Fourth Amendment claim is DISMISSED, without prejudice; and

4) Defendant shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk. Plaintiff shall file an amended complaint within fifteen (15) days of the filing of the order. Defendant shall file a response within fifteen (15) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated: April 19, 2011**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE