UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK C. CARSON,<br><br>             Plaintiff,<br><br>   v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>             Defendants. | **1:10-cv-02133-OWW-SMS**<br><br>**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 19)** |

## I. INTRODUCTION.

Plaintiff brings this civil rights action pursuant to 28 U.S.C. § 1983 against Steve Jacobsen ("Jacobsen") and the County of Stanislaus ("County") (collectively "Defendants"). (Doc. 18).

Plaintiff filed a First Amended Complaint ("FAC") on June 28, 2011. Defendants filed a motion to dismiss the FAC on July 13, 2011. (Doc. 19). Plaintiff filed opposition to the motion to dismiss on August 5, 2011. (Doc. 21). Defendants filed a reply on August 15, 2011. (Doc. 22).

## II. FACTUAL BACKGROUND.

Plaintiff is an attorney. On February 26, 2010, Plaintiff was present in a hallway at the Stanislaus County courthouse. Plaintiff saw Jacobsen, an investigator for the Stanislaus County District Attorney's Office, and attempted to take his photograph in

1

connection with a case Plaintiff was working on. Jacobsen lunged at Plaintiff and smacked Plaintiff's hand, causing Plaintiff's camera to skitter down the hallway. Plaintiff avers that he felt constrained in his movement because of Jacobsen's conduct.

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it

**2**

lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. **DISCUSSION**.

**A. Plaintiff's Fourth Amendment Claim**

The Fourth Amendment claim asserted in Plaintiff's original complaint was dismissed, *inter alia*, for failure to allege the requisite element of state action under section 1983. The memorandum decision dismissing Plaintiff's original complaint provides:

> Plaintiffs' Fourth Amendment claim fails because the complaint does not allege any seizure or force effected under color of State law. The Supreme Court has

**3**

interpreted the phrase "under 'color' of law" to mean "under 'pretense' of law." *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (citing *Screws v. United States*, 325 U.S. 91, 111 (1945)). "[A]ctions are under pretense of law only if they are "in some way 'related to the performance of his official duties.'" *Id.* (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996)). In general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of her office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office. *Martinez v. Colon*, 54 F.3d 980, 986-87 (1st Cir. 1995). "[P]rivate conduct, outside the line of duty and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law." *Id.* Whether an official is acting under color of state law turns on the nature and circumstances of the official's conduct and the relationship of that conduct to the performance of her official duties. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (citing *Martinez*, 54 F.3d at 986)).

The complaint does not allege facts sufficient to establish that Jacobsen's conduct was related to performance of his official duties in any way. The fact that Jacobsen was employed by the District Attorney's office at the time of his alleged conduct is insufficient to transform an ordinary tort into a constitutional violation. *See Van Ort*, 92 F.3d at 838 ("The district court was not required to find that Stanewich acted under color of state law merely because he was a law enforcement officer"). Nor is the fact that the alleged incident occurred in a courthouse sufficient to support an inference that Jacobsen's conduct was in connection with his official duties. *Id.* ("Stanewich could have been acting under color of state law if the Van Orts had been injured during a meeting 'related to the provision of services pursuant to [Stanewich's County] employment,' **and** if Stanewich had used his 'government position to exert influence and physical control'") (emphasis added).

Nothing in the complaint suggests that Jacobsen, engaged in any activity related to his employment, used his status and privileges as a law enforcement officer to exert power over Plaintiff. *Compare Huffman*, 147 F.3d at 1058 (no state action where plain-clothed, off-duty police officer who did not identify himself as officer and did not issue any commands assaulted plaintiff) *with Basden v. Brinkley*, 273 Fed. Appx. 623, 625 (9th Cir. 2008) (unpublished) (prison guards acted under color of law when they threw firecracker into inmates' cell because of the nature of guards authority within the prison walls). Plaintiff's complaint fails to state a claim under the Fourth Amendment.

(Doc. 14, Memorandum Decision at 7-8).

The FAC is virtually identical to the original complaint. The only new allegations relevant to Plaintiff's Fourth Amendment claim are contained in paragraphs seven and eight of the FAC:

> 7. Plaintiff knows defendant Jacobsen and knows he is employed by the County as an investigator, and as such has the power and authority of a law enforcement officer, and also knows that defendant Jacobson is routinely in the Courthouse on official business, and upon information and belief, believes that Jacobsen was in the Courthouse at the subject time and place in performance of his employment. Plaintiff further knows that Jacobsen, while performing his duties of employment, acts recurringly in an abusive and unprofessional fashion. Likewise, Jacobsen knows plaintiff and also knew that plaintiff was working on a case in which defendant Jacobsen was involved in his capacity as an investigator and for which case plaintiff was trying to take a picture. At the time of the subject incident, defendant Jacobsen lead [sic] plaintiff to believe by the totality of the circumstances and plaintiff objectively believed that defendant Jacobsen was on duty and acting under the pretense of law using his official capacity and status as an investigator to exert power and control over plaintiff and his camera, albeit improperly and abusively, relative to the case that plaintiff was working on.
>
> 8. The conduct and actions of defendant Jacobsen clearly and unmistakably imparted to plaintiff at the time of the incident 1) that his camera was being seized by defendant Jacobsen to deprive plaintiff of the use and possession thereof with reference to the case that plaintiff was working on and that Jacobsen was involved with and 2) further unmistakably imparted to plaintiff that plaintiff was not free to go from the presence of defendant Jacobsen and not free to ignore the presence of the law enforcement officer in the form of defendant Jacobsen. Plaintiff felt constrained in his movement and from further action without the permission of defendant Jacobsen under the penalty of imposition of further physical force or formal arrest by defendant Jacobsen.

(FAC at 2-3).

The FAC's new factual allegations are: (1) that Plaintiff knew Jacobsen was an investigator who was routinely at the Courthouse on official business; (2) that Jacobsen knew Plaintiff was working on a case in which Jacobsen was involved in his capacity as an

investigator; and (3) that Plaintiff believed Jacobsen was seizing his camera and his person.[1]  The FAC's new allegations are insufficient.  The fact that Plaintiff and Jacobsen knew who each other were does not establish that Jacobsen's conduct was under color of law.  *See Van Ort*, 92 F.3d at 839 ("Merely because a police officer is recognized as an individual employed as a police officer does not alone transform private acts into acts under color of state law").  Plaintiff's subjective perception of the encounter is also insufficient, without more, to establish that Jacobsen acted under color of law.  *See Anderson,* 451 F.3d at 1068 (conduct must have purpose and effect of influencing behavior under color of law).

Ninth Circuit law demands three critical requirements be satisfied in order for an act to be determine an act is committed under color of law.  *Id.*  "First, the defendant's action must have been 'performed  while the officer is acting, purporting, or pretending to act in the performance of his or her official duties.'" *Id*. at 1068 (quoting *McDade*, 223 F.3d at 1140).  Second, the actor's pretense of acting in the performance of her duties must have had the purpose and effect of influencing the behavior of others.  *Id*. at 1069 (citing *Van Ort*, 92 F.3d at 839-40).  Third, the challenged conduct must be "related in some meaningful way either to the officer's governmental status or to the performance of his duties.  *Id.*, *accord Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir. 1991) ("For conduct to relate to state

---

[1] The additional allegations advanced in paragraphs seven and eight consist of legal conclusions and argument.

**6**

authority, it must bear some similarity to the nature of the powers and duties assigned ").

As noted in the prior memorandum decision dismissing Plaintiff's original complaint, there are no facts that suggest Jacobsen was acting, purporting, or pretending to act in the performance of his official duties as an investigator when he slapped Plaintiff's camera out of Plaintiff's hand. Although the FAC alleges that Jacobsen was present at the courthouse in connection with his employment duties, there are no allegations concerning the nature or scope of Jacobsen's duties. Drawing all inferences in favor of Plaintiff's allegations, it is reasonable to infer that Jacobsen's duties as an investigator include assisting the District Attorney's office at the courthouse by providing information relevant to court proceedings--this duty bears no relation to the action Plaintiff complains of, however. Nothing in the FAC suggest that, when Jacobsen slapped Plaintiff's camera, he was engaged in or pretending to be engaged in the performance of any official duty of his office. Nor does the FAC allege facts that support an inference that Jacobsen was attempting to influence Plaintiff's conduct in a law enforcement capacity. For example, the FAC is devoid of any allegations concerning statements or other actions taken by Jacobsen that suggest his conduct was carried out to enforce any law or courthouse rule prohibiting Plaintiffs' photographing activities or related to any law enforcement function or objective.

The FAC does not allege that Jacobsen invoked his status as an investigator when he slapped Plaintiff's camera out of his hands. *See Anderson*, 451 F.3d at 1069. Further, Jacobsen's act bears no

**7**

similarity to the nature of the powers and duties assigned to an investigator. *See Dang Vang*, 944 F.2d at 480.  In short, none of the indicia of official action identified by Ninth Circuit precedent applies to Jacobsen's act of slapping Plaintiff's camera. *See id.* (requiring nexus between act complained of and official powers assigned to actor); *see also McDade v. West*, 223 F.3d 1135, 1140 (9th Cir. 2000) (color of law element satisfied where defendant's status as state employee enabled act complained of); *Anderson*, 451 F.3d at 1068 (requiring meaningful connection between governmental status and act complained of).

After two attempts, Plaintiff has failed to allege facts suggesting the existence of any viable Fourth Amendment claim against Jacobsen.  Although the court does not condone Jacobsen's alleged conduct, not every tort committed by a state employee rises to the level of a constitutional violation.  It may well represent conduct actionable under State law.

Plaintiff's Fourth Amendment claim and the Monell claim based on Plaintiff's Fourth Amendment claim are DISMISSED, with prejudice.  As there are no federal issues remaining in this case, dismissal or remand to State court under 13 U.S.C. § 1367(c).

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's federal claims are DISMISSED, with prejudice;

2) Plaintiff's action shall be DISMISSED OR REMANDED to the California Superior Court, Stanislaus County; and

3) Defendants shall lodge a form of order consistent with this decision within five (5) days following electronic service of this decision.

**8**

1  IT IS SO ORDERED.

2  **Dated:   August 29, 2011**                    **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE